McClain, Appellee, *v.* The Kroger Co., Appellant.[*]

(No. 1141—Decided June 5, 1961.)

*Mr. Maxwell Finkleman,* for appellee.
*Mr. Andrew W. Cherney,* for appellant.

Hildebrant, J.   Plaintiff, appellee herein, was injured when she came in contact with the wooden guard rail on one side of defendant-appellant's parking lot and ran an alleged three-inch splinter into her leg.   In her personal injury suit, she received a jury verdict for one thousand dollars.   Defendant's motion for judgment notwithstanding the verdict was overruled, and judgment was entered on the verdict.

*Motion to certify the record overruled, November 1, 1961.

The sole question presented by this appeal is whether, as a matter of law, defendant is entitled to final judgment.

The case went to the jury upon one specification of negligence, viz., "that the defendant failed to use ordinary care in making an inspection of the premises and especially the guard rails erected by the defendant." After rendition of the verdict, on motion, plaintiff was permitted to amend her petition to conform to the evidence, as follows: "In permitting said splintered condition of the guard rail to remain on the parking lot of defendant."

The court accepts the rule basically relied upon in this case by the plaintiff as stated in 39 Ohio Jurisprudence (2d), 586, Section 64, which states:

"The rule has been stated that the proprietor of a place which the public is invited to frequent impliedly warrants that it is safe for the purpose intended, and he is therefore under a continuing duty of inspection to see that it is safe; and if he neglects this duty, the question of his knowledge or ignorance of a defect which renders it unsafe is immaterial. That is to say, as to defects in instrumentalities furnished and maintained by the owner, his knowledge, actual or imputed, is not a necessary predicate of negligence on his part; on the contrary, his negligence may consist of a failure to use reasonable and ordinary care to know of the existence of such defects, and especially so if the defects are due to the use of the instrumentalities for the purpose for which they were furnished by him and if such use might reasonably be expected to result in defects unless such instrumentalities are kept in repair. In such respect, a storekeeper is charged with knowledge of that which, in the exercise of reasonable care, he might have ascertained. * * *"

Defendant's store manager testified to inspecting the parking lot regularly and daily, and on Saturday before and the following Monday, the day of the alleged injury.

We would paraphrase the first paragraph of the syllabus of *Anaple* v. *Standard Oil Co.*, 162 Ohio St., 537, as follows:

Where a customer of a supermarket seeks to recover damages for personal injuries sustained in coming in contact with a splinter on a wooden guard rail along one side of a parking lot maintained by defendant for use by its customers and about

which splinter the customer had not been warned, such customer has the burden of proving:

1. That the nature, size, extent and location of such splinter involved a potential hazard to customers, sufficient to justify a reasonable conclusion that the duty of ordinary care, which the defendant maintaining the parking lot owes to its customers, would require such defendant to prevent or remove such splinter or warn its customers about it, and

2. (a) That such potential hazard was created by some negligent act of defendant or its employees in maintaining such parking lot, or

(b) That such defendant or its employees had, or should in the exercise of ordinary care have had, notice of that potential hazard for a sufficient time to enable defendant in the exercise of ordinary care to remove it or warn its customers about it.

It is logical to infer that any splintered condition of any extent of the guard rail would be created by its being bumped and coming in contact with an automobile bumper.

Plaintiff charges lack of ordinary care in inspection of the guard rail and in permitting the splintered condition to remain. The burden, therefore, is upon the plaintiff to prove that the splinter was in existence at the time the inspections were made and that defendant knowingly permitted that condition to remain.

There is absolutely no evidence in the record as to how, when or by what circumstance, or by whose act, or in what manner the splinter was created. It is vital to the plaintiff's case that it must first be established as a fact that the splinter was in existence at the time inspection of the premises was made, so as to be capable of discovery on adequate inspection. The jury may not speculate, guess, or arbitrarily assume such existence of the claimed potential hazard. In *Hurt* v. *Charles J. Rogers Transportation Co.*, 164 Ohio St., 329, at page 332, it is stated:

"One of the clearest statements of the rule pertaining to inferences upon inferences is the following one in *Indian Creek Coal & Mining Co.* v. *Calvert*, 68 Ind. App., 474, 120 N. E., 709:

" 'There is a rule to that effect. It, however, is frequently misinterpreted and misapplied. For the purpose of supporting a proposition, it is not permissible to draw an inference from a deduction which is itself purely speculative and unsupported

by an established fact. Where an inference not supported by or drawn from a proven or known fact is indulged, and is then used as a basis for another inference, neither inference has probative value. Such a process may be described as drawing an inference from an inference, and is not allowable. * * *' ''

We cite the syllabus of the landmark case of *Sobolovitz* v. *The Lubric Oil Co.*, 107 Ohio St., 204, as dispositive of this case:

"1. To entitle the plaintiff in a personal injury suit to have his case submitted to a jury, it is necessary that he produce some evidence upon every element essential to create liability, or produce evidence of a fact upon which a reasonable inference may be predicated to support such element.

"2. An inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence.

"3. Where the plaintiff fails to produce any evidence upon an essential element of his case and no reasonable inference can be drawn from a fact supported by evidence which would tend to prove such element, it is error for the court to submit the case to a jury."

We also quote the first paragraph of the syllabus of the *Hurt case, supra*:

"1. An inference based solely and entirely upon another inference, unsupported by any additional fact or another inference from other facts, is an inference on an inference and may not be indulged in by a jury."

The judgment will be, and hereby is, reversed and final judgment entered for defendant.

*Judgment reversed.*

Long, P. J., and O'Connell, J., concur.